IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| J.W. and M.R.W., individually and as parents, guardians and next friends of A.W. f/k/a A.M., a minor child and M.W. f/k/a/ K.C., a minor child,<br><br>    Plaintiffs,<br><br>vs.<br><br>STATE OF UTAH, et al.,<br><br>    Defendants. | ORDER and MEMORANDUM DECISION<br><br><br><br><br>Case No. 2:05-CV-968 CW |

  Now before the court is a renewed motion for partial summary judgment brought by Kolyn Tacy (Dkt. No.137).  For the reasons set forth below, this motion is GRANTED.

**BACKGROUND**

  The present motion is Ms. Tacy's second motion for summary judgment in her favor on the Plaintiffs' 42 U.S.C. § 1983 claim.  Most of the facts relevant to the present motion are set forth in the order disposing of her previous motion.  In support of the current motion, Ms. Tacy asserts that she is entitled to qualified immunity because the undisputed facts show that she exercised professional judgment in her decisions regarding Plaintiff A.W.  In deciding her previous motion, the court found that Ms. Tacy had not shown adequate undisputed facts to establish her qualified immunity defense.  Specifically, the court reasoned that Ms. Tacy had not shown any facts specific to whether she considered A.W.'s safety in placing W.C.C. with the Ws.

The court accordingly denied Ms. Tacy's first motion, but granted leave for Ms. Tacy to renew her motion, given that qualified immunity is intended to be an immunity against trial.

In support of her renewed motion, Ms. Tacy submits an affidavit and additional records regarding A.W. In those documents, Ms. Tacy shows that between November 2001 and September 2002, she was involved in getting to know A.W., assessing the Ws as foster parents and as potential adoptive parents for A.W., and following up on A.W.'s progress during her placement with the Ws. Ms. Tacy further establishes that during the initial phases of W.C.C.'s placement with the Ws, she inquired about the interactions between A.W. and W.C.C., tracked the interactions between W.C.C. and the Ws, and continued to monitor A.W.'s progress in the W's home generally.

## ANALYSIS

At this stage, it has become clear that the core legal issue on this motion is whether the Ws have submitted evidence supporting the conclusion that Ms. Tacy "failed to exercise professional judgment" with respect to a potential danger to A.W. when she placed W.C.C. with the Ws. Yvonne L. v. New Mexico Dep't of Human Servs., 959 F.2d 883, 893-94 (10th Cir. 1992). A failure of professional judgment "does not mean mere negligence. . .; while it does not require actual knowledge the child[] will be harmed it implies abdication of the duty to act professionally in making the placements." Id. at 894. "Such abdication must be sufficient to shock the conscience." Johnson ex rel. Estate of Cano v. Holmes, 455 F.3d 1133, 1143 (10th Cir. 2006) (citation omitted).

As the court understands the legal standard, as set out above and as discussed in its previous order, the evidence Ms. Tacy proffers in support of the present motion is sufficient for the court to find that Ms. Tacy exercised professional judgment. As suggested by cases such as

Johnson, abdication of professional judgment suggests either a complete failure to take contemporaneous facts into account before making decisions or a deviation in judgment so extreme from what would be expected from a professional as to shock the conscience. In this case, Ms. Tacy has shown the court that she considered various on-the-ground facts about A.W., the W.s, and W.C.C. before and after she suggested placing W.C.C. with the Ws. She has established that she was the long-time caseworker for both children, that she was familiar with and had a positive impression of the Ws, that she saw the children and the Ws interact before and after the placement, and that she kept in touch with the Ws throughout the process. Together, these facts show that Ms. Tacy used professional judgment in this case.

The Ws make two main arguments otherwise. First, the Ws argue that Ms. Tacy has not established that she read W.C.C.'s files in detail and that if Ms. Tacy had done so, it would have been obvious that W.C.C. was a danger to A.W. Second, they contend that Ms. Tacy's failure to inform them of W.C.C.'s previous problems indicates an abdication of judgment because they needed more information to keep A.W. safe. Neither of these assertions prevail.

First, it is true that if one reads W.C.C.'s files with the benefit of perfect hindsight, it seems apparent that W.C.C. was going to act out against A.W. if placed in her home. But it is undisputed that Ms. Tacy created the majority of W.C.C.'s case file and that the file represents hours and hours of interaction between Ms. Tacy and W.C.C. After a thorough read of W.C.C.'s case file and considering the time Ms. Tacy spent with W.C.C., the court cannot say that the only professionally acceptable conclusion from reviewing the file was that W.C.C. would be an unavoidable danger to A.W.

Second, and also using perfect hindsight, it is likely that the Ws would have taken more precautions to protect A.W. from W.C.C. if Ms. Tacy had discussed more thoroughly W.C.C.'s

3

history with them.  But the court cannot say that as a matter of law, the only professional course of action would have been for Ms. Tacy to tell the Ws of every incident or allegation involving W.C.C. of which she was aware.  Ms. Tacy had been involved in numerous interactions with W.C.C., A.W. and the Ws over the course of many months, and had a solid basis on which to base her opinion about what the Ws needed to know about W.C.C.  Ms. Tacy had to make a judgment call about how much information the Ws needed about W.C.C. based on everything she knew about the situation.  While her judgment appears flawed in retrospect, the court cannot say it represented an deviation from professional standards to the magnitude that shocks the conscience.

## ORDER

In sum, the court cannot say that Ms. Tacy abdicated her professional judgment here or that she deviated from professional standards to a level that shocks the conscience.  Accordingly, the court GRANTS Ms. Tacy's motion for partial summary judgment.

SO ORDERED this 11th day of January, 2010.

BY THE COURT:

_____
Clark Waddoups
United States District Judge